UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

JOHN P. TORRES *et al.*,

    Defendant.

Case No. C08-5647FDB/JKA

REPORT AND
RECOMMENDATION
TO DISMISS THIS ACTION
AS FRIVOLOUS AND
MALICIOUS

**NOTED FOR:**

**February 27, 2009**

This "Suit for An Injunction: Denial of Due Process Guaranteed by the Fifth Amendment and Under the Privacy Act and the FOIA" was transferred to this court from the United States District Court for the District of Columbia. The action was filed September 20, 2007 (Dkt # 1).

In this action plaintiff asks the court for 26 separate forms of injunctive relief, including a judicial finding that he has the right to petition Congress as he is an "American." The basis for the suit is Mr. Marks contention that he has an "unqualified" right to petition Congress at government expense (Dkt. # 1, page 5 ¶ 11).

REPORT AND RECOMMENDATION
Page - 1

## FACTS

Mr. Marks, who is an indigent person incarcerated in a facility awaiting deportation, attempted to mail 285 letters to congresspersons. Mr. Marks was asking each congressperson to file a bill on his behalf that would prevent his being deported. Plaintiff did not receive any answers to his correspondence. Plaintiff then attempted to mail 285 more "followup" letters to congresspersons. Plaintiff's contention is that all these letters must be sent at government expense without delay as he is indigent. As the United States District Court for Columbia noted, policy would allow plaintiff to send only five letters per week as "special correspondence" (Dkt. # 25, page 2 and 3). Plaintiff contends all the correspondence was "legal" mail as it pertains to his deportation.

The issue of a mass mailing to congress was raised but not litigated in Marks v United States, C07-5395RBL. That action was dismissed without prejudice for failure to pay the filing fee. Mr. Marks had either checks or money orders in his account, or had sent them out to a private attorney. He did not inform the court of these assets when he applied to proceed in forma pauperis. The issue was also raised, but not litigated on the merits, in Marks v Bennett, C07-5372RBL. Marks v Bennett, C07-5372RBL was also dismissed without prejudice after Mr. Marks failed to pay his filing fee.

Despite the fact that Marks v United States, C07- 5395RBL was dismissed without prejudice, it formed part of the basis for declaring Mr. Marks a vexatious litigant in Marks v. USA, C07-5679FDB. The case was considered because Mr. Marks had filed a complaint that contained many other issues which he had litigated and lost in his other cases.

The issue of the mass mailing to congress was also raised in the third amended complaint in Marks v. Albin, C06-5675RBL, (Dkt. # 16 page 33 and 34 ¶ HHHH through KKKK). That case was settled, and plaintiff received compensation. Despite this settlement Mr. Marks continued to raise or litigate this issue, albeit against different defendants. Mr. Marks continued to litigate the issue in Marks v Singh, C07-5666RJB, (Pierce County Superior Court), and in Marks v. Torres, C08-5647FDB (Transferred from the United States District Court for the District of Columbia).

After Marks v Singh, was transferred to this court defendants moved to dismiss the action as frivolous and malicious. Defendants noted that Marks v United States, C07- 5395RBL, while dismissed without prejudice, was nearly verbatim to Marks v. Singh, and that Marks v United States, C07- 5395RBL

formed part of the basis for the vexatious litigant order in Marks v. USA, C07-5679FDB. In particular the Marks v. USA, C07-5679FDB court found the complaint in Marks v United States, C07- 5395RBL was frivolous and malicious.

Marks v Singh, C07-5666RJB was dismissed as frivolous and malicious. Defendants now move to have Marks v. Torres, C08-5647FDB dismissed as frivolous and malicious (Dkt. # 29).

Many of Mr. Marks cases contain collateral challenges to the finding that he is the person known as Mr. Rudder who was previously deported. In some cases, such as the one now before the court, Mr. Marks asks for relief that would call into question the prior finding that he is Ricky Elison Rudder. Here, Mr. Marks asks to be declared an "American." The issue of Mr. Marks citizenship has been litigated repeatedly. As the Court stated in Marks v Clark, C06-0717RSL/MAT:

> On or about September 24, 1991, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings and charging petitioner with being deportable from the United States for having been twice convicted of Possession of a Controlled Substance. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L555-69-Pt. 1; R301-302-Pt. 1). **Petitioner appeared for his deportation hearing before an Immigration Judge ("IJ") and admitted the allegations contained in the OSC and conceded deportability as charged**. Instead of deportation, petitioner filed an application for waiver of inadmissibility under INA § 212(c) and an application for asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's applications, and ordered petitioner deported from the United States to Trinidad on the charges contained in the OSC. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R999-1021-Pt. 1). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which was denied on November 4, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1022-31-Pt. 1). On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. # 37 at R753-54-Pt. 1). Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R755-57-Pt. 1). On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R842-872-Pt. 1; L278-Pt. 1). On December 9,1993, petitioner was removed from the United States to Trinidad. (*Hopper v. Roach*, Case No. C05-1812-RSL Dkt. #37 at L269-70-Pt. 1; L274-Pt. 1).
> On January 14, 1994, only one month after he had been removed, petitioner illegally reentered the United States without inspection. He remained in the United States illegally for more than eleven years before he was discovered at the California State Prison – Solano, where he was serving his sentence for a conviction for Grand Theft. On August 18, 2005, petitioner was released from the California State Prison and transferred to ICE custody. Petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been deported to Trinidad in 1993 illegally. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R996-98- Pt. 1). **A fingerprint comparison performed by the Department of Homeland Security Forensic Laboratory showed that petitioner's fingerprints matched the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1033-34-Pt. 1).**

On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing him in removal proceedings and charging him with removability for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L530-35-Pt. 1). On September 26, 2005, petitioner appeared before an IJ, claiming that this was a case of mistaken identity and that he was wrongfully removed in 1993. On October 12, 2005, petitioner filed an application for asylum and withholding of removal. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L583-576-Pt. 1). His case was scheduled for trial on February 22, 2006, on the issues of removability and asylum from Trinidad. *(Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1043-1045-Pt. 1; Dkt. #39 at 3 n.1).

On March 23, 2006, however, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for petitioner's arrest for a parole violation. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #59). On March 28, 2006, ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner was no longer in ICE custody. On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #58, Ex. B). On April 11, 2006, petitioner returned to the NWDC after California officials decided not to extradite him, and his removal proceedings were reopened.

After a removal hearing, the IJ denied petitioner's application for asylum, withholding of removal, and withholding of removal under Article III of the Convention Against Torture, and ordered him removed to Trinidad and Tobago on December 1, 2006. (Dkt. #22). On February 1, 2007, the IJ denied petitioner's request for a change in custody status. Id. Petitioner timely appealed the IJ's removal order and bond order to the BIA. On April 11, 2007, the BIA dismissed petitioner's appeal of the IJ's removal order. Accordingly, petitioner's order of removal became administratively final on April 11, 2007. On April 20, 2007, the BIA dismissed petitioner's appeal of the IJ's bond order and vacated the IJ's bond order as moot, noting that neither the IJ nor the BIA had authority to set bond conditions because a final order of removal had been entered. Id. On May 3, 2007, petitioner filed a Petition for Review and a motion for stay of removal in the Ninth Circuit Court of Appeals. Rudder v. Gonzales, No. 07-71756 (9th Cir. filed May 3, 2007). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue. The Petition for Review remains pending before the Ninth Circuit.

(Marks v. Clark, C06-0717RSL/MAT, Dkt. # 25 Report and Recommendation)(Emphasis added, foot notes omitted)(Report and Recommendation adopted by the court July 23, 2007, Dkt. # 30).

Thus, the issue of plaintiff's citizenship has been litigated. Mr. Marks admitted to being Mr. Rudder in his deportation proceedings in 1991. Further, in a Habeas Corpus proceeding the court has held:

The sole and exclusive avenue for review of a citizenship claim is by direct petition for review to the United States Court of Appeals. *See Baeta v. Sonchik*, 273 F.3d 1261, 1263-64 (9th Cir. 2001) (citing INA § 242(b)(5), 8 U.S.C. § 1252(b)(5)).

(Marks v. Clark, C07-1679JLR/MAT Dkt. # 5 Report and Recommendation)(Report and Recommendation adopted, December 21, 2007, Dkt. # 9). Despite these prior rulings Mr. Marks continues to attempt to collaterally litigate the issue of his citizenship. The court considers his request for injunctive relief and a judicial finding that he has the right to petition Congress as an "American" a collateral challenge.

REPORT AND RECOMMENDATION
Page - 4

## DISCUSSION

A. <u>Frivolous</u>.

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e). <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Bivens claims would be considered under this same standard.

Here, plaintiff asks the court to consider if he has a right to send, at government expense, mass mailings to congress. The right to petition government is clearly established in the First Amendment. Further, it is clear that government officials have an affirmative duty to supply *reasonable* amounts of stamps or envelopes to indigent persons. While plaintiff has a right to petition government for redress, no court has ever held the right is "unqualified." Further, courts have upheld government regulations as to how many items an incarcerated person may mail out per week, and specifically upheld policies allowing five items per week. <u>Dugar v. Coughlin</u>, 613 F. Supp. 849 (2nd Cir. 1985).

Plaintiffs claim that he is entitled to force the government to mass mail 285 letters to congress is patently frivolous. Plaintiff's right to petition congress was fulfilled when the first letter was sent. In Addition, the policy would allow for five mailings per week. <u>Plaintiff's position is untenable and the court recommends dismissal of the claims as frivolous</u>. This would be an adjudication on the merits of this issue.

B. <u>Malicious</u>.

The standard for dismissal as "malicious" has not been well defined by case law but some guidance

REPORT AND RECOMMENDATION
Page - 5

exists. In 1995 the District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch* [67 F.3d 1085-87] merely states that a district court "must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants." *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir.1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). **In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.** *Id.; Van Meter v. Morgan*, **518 F.2d 366 (8th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).**

Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995)(emphasis added). Other courts have found the term "malicious" means irresponsible or harassing litigation. Daves v. Scranton, 66 F.R.D.5 (E.D. Pa. 1975). The Pennsylvania District Court Stated:

> The legal standard of 'frivolous or malicious' is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975). This court adopts the Pennsylvania Districts Courts' position. Mr. Marks fails to accept final judgments contrary to his personal interests and collaterally challenges those decisions. He splits actions into multiple cases in multiple forums forcing the defendants to repeatedly defend against identical or nearly identical claims. Here, he names Jack Bennet in actions he files in United States District Court in the District of Columbia and in his action filed in Pierce County Superior Court. See Marks v. Torres, C08-5647FDB and Marks v Singh, C07-5666RJB. Forcing defendants to defend in multiple jurisdictions on the same issue unnecessarily increases the cost of litigation. Further evidence of Mr. Marks improper intent is disclosed in his response to a motion to dismiss filed in Marks v De Guia:

> The defendants hit the nail on the head when they state that the plaintiff is filing against nearly identical defendants raising nearly identical causes of action and claims. The key there is that nearly identical is not identical.

REPORT AND RECOMMENDATION
Page - 6

(<u>Marks v De Guia</u>, C007-5667BHS Dkt. # 12, page 4).  <u>The court concludes this action is malicious and defendants are entitled to dismissal on that basis</u>.

## CONCLUSION

The court should **DISMISS** this action **WITH PREJUDICE** as the action is both frivolous and malicious.  The finding of frivolous is an adjudication on the merits.  **Further, Should Mr. Marks continue with his harassing litigation the court should consider further sanctions such as the imposition of costs or attorneys fees**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 27, 2009**, as noted in the caption.

DATED this 29 day of January, 2009.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge